IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONDA ADKINS | : | |
| 119 New Hampshire Ave | : | |
| Cherry Hill, NJ 08002 | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No.: |
| v. | : | |
| | : | |
| CATALENT PHARMA SOLUTIONS | : | JURY TRIAL DEMANDED |
| 3031 Red Lion Rd | : | |
| Philadelphia, PA 19114 | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Lamonda Adkins, by and through her attorneys, McCain Law, P.C., file this Complaint and hereby avers as follows:

1. This action has been initiated by Lamonda Adkins (hereinafter referred to as "Plaintiff," or "Ms. Adkins" unless indicated otherwise) for violations of the Family Medical Leave Act (FMLA) 29 U.S.C. §2612 *et al.*; the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq.*, and the Pennsylvania Human Relations Act 43 P.S. § 951 et seq (PHRA). Plaintiff suffered from health problems following a massive stroke and was the subject of discrimination and retaliation when she was terminated after exercising her rights under FMLA and when Defendant failed to provide a reasonable accommodation in extending her medical leave under the ADA. All of Defendant's actions alleged herein are violations of the PHRA.

**JURISDICTION AND VENUE**

2. This Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1391.

3. This Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4. The relevant portions of this action have been administratively processed with the Equal Employment Opportunity Commission (EEOC) and dual filed with the Pennsylvania Human Relations Commission.

5. This action is being filed within ninety (90) days of the receipt of the EEOC's Dismissal Notice and Right to Sue Letter. See attached as Exhibit A.

6. This Court has personal jurisdiction over Defendant because Defendant maintains a business in the Eastern District of Pennsylvania and has sufficient minimum contacts with this judicial district that the exercise of such jurisdiction comports with judicial notions of fair play and substantial justice, satisfying the standards set forth in *International Shoe Company v. Washington,* 326 U.S. 309 (1945), and its progeny.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial, systematic and continuous activity in Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

**PARTIES**

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is a Black/African-American female adult individual with an address as set forth above in Cherry Hill, NJ.

10. Defendant Catalent Pharma Solutions (hereinafter referred to as "Defendant" unless specified otherwise) is a global contract development and manufacturing organization, with a principal place of business in Philadelphia, PA.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are fully incorporated herein as though set forth at length.

12. Plaintiff worked for Defendant from August 2022 until approximately November 8, 2023 when Defendant unlawfully terminated her employment.

13. At the time she was terminated, Plaintiff was working as a Training Lead with a salary of $80,000 per year.

14. On or about July 1, 2023, Ms. Adkins suffered a massive stroke. She remained hospitalized until approximately July 7 and was involved in inpatient rehabilitation until July 20 and outpatient rehabilitation until October 4 after "speech graduation."

15. During this time, Plaintiff's fiancé advised Damon Kellum, Defendant's Human Resources Manager, of Plaintiff's condition and a member of his staff, Damaris Morales-Flores contacted the Short-Term Disability administrator on Plaintiff's behalf.

16. As a result of her stroke, Ms. Adkins suffered a slight deficit as to her walking and speech.

17. Ms. Adkins' recovery was progressing and she was initially expected to return to work on August 30, but that date was pushed back to September 19 due to a necessary medical procedure related to her stroke.

18. At Ms. Adkins' request, on or about October 6, Ms. Morales-Flores forwarded an Interactive Process Questionnaire. Ms. Adkins expected to be cleared to return to work by October 18, however, due to a surgical complication, she was not cleared until October 24.

19. In the time between October 18 and October 24, Ms. Adkins' neurologist returned the Questionnaire to Ms. Morales-Flores via U.S. Mail.

20. On or about November 1, Ms. Morales-Flores advised Ms. Adkins that Catalent would not be able to accommodate the restrictions provided in the Questionnaire and that her employment would end on or about November 7.

21. In a subsequent telephone conversation, Ms. Morales-Flores told Ms. Adkins that she believed Ms. Adkins would be unable to perform the essential functions of the job based on the information provided in Section 2 of the Questionnaire.

22. Upon information and belief, the Questionnaire did not state that Ms. Adkins could not perform the essential functions of the job.

23. In fact, Section 6 of the Questionnaire states that the accommodations necessary for Ms. Adkins to perform the essential functions of the job, e.g. work from home when feasible, periodic breaks during the work day and a flexible work schedule. This accommodation request was for a period of one (1) year while Plaintiff continued the recovery process.

24. Ms. Morales-Flores, having been in direct contact with Ms. Adkins, was well aware that Ms. Adkins' speech was not a hindrance to functional communication or business correspondence.

25. Nevertheless, Ms. Adkins requested additional time to obtain clarification from her physician in order to submit a revised Questionnaire.

26. On or about November 7, Ms. Adkins emailed a revised Questionnaire to Ms. Morales-Flores, however, Ms. Adkins was terminated the next day. One day after her FMLA leave expired.

27. Plaintiff's separation from employment, as narrated above, highlights Catalent's failure to appropriately engage in the interactive process in violation of the ADA; failure to accommodate Ms. Adkins disabilities in violation of the ADA; demonstrate retaliation under FMLA and violations of state and local laws protecting employees against disability discrimination.

28. Specifically, working from home, breaks during work and flexible working hours have all been legally identified as reasonable accommodations, absent proof that those accommodations would substantially burden an employer's business.

29. Furthermore, a termination one day after the expiration of FMLA leave can be considered FMLA retaliation in the Third Circuit.

30. As of the date of this filing, Plaintiff has not secured comparable full-time employment.

## COUNT I
**Violations of the Family and Medical Leave Act ("FMLA")**
**- Retaliation –**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff worked for Defendant for more than one (1) year.

33. Defendant is engaged in a business that affects interstate commerce.

34. Plaintiff worked for Defendant for at least 1,250 hours in every year prior to her termination.

35. At all relevant times, Defendant employed at least 50 employees within 75 miles of Plaintiff's work location for at least 20 calendar weeks.

5

36. At that time of Plaintiff's stroke, she was eligible for and did receive FMLA benefits.

37. Immediately following the expiration of Plaintiff's FMLA benefits, she was terminated, giving rise to temporal proximity to engaging in protected activity and an adverse employment action.

38. Defendant's failure to adequately engage in the ADA interactive process gives rise to its true intention to terminate Plaintiff due to her usage of FMLA leave.

## COUNT II
**Violations of the Americans with Disabilities Act ("ADA")**
**-Disability Discrimination and Failure to Provide a Reasonable Accommodation-**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. The ADA prohibits employers from discriminating against employees with disabilities. Additionally, Title I of the ADA requires employers to make reasonable accommodations to allow employees with disabilities to do their jobs, unless to do so would create an undue hardship.

41. Plaintiff was an employee within the meaning of the above-referenced statute.

42. Defendant was an employer within the meaning of the above-referenced statute.

43. Plaintiff was disabled due to recovering from a stroke which affected her ability to speak and walk, thereby qualifying as disabilities within the meaning of the statute.

44. Plaintiff was qualified to work as a Training Lead as she successfully held the position since August 2022.

45. Plaintiff's accommodation requests included the ability to work from home, take breaks as needed and a flexible work schedule. The accommodation request was for a period of one (1) year while Plaintiff continued to recover from her stroke.

46. Instead of seeking further insight, upon receiving Plaintiff's accommodation request, Defendant claimed it was unable to accommodate her even after Ms. Adkins requested additional time to obtain further information from her physician.

47. Defendant violated the ADA by terminating Plaintiff's employment without fully engaging in the interactive process.

## COUNT III

### Violations of the Pennsylvania Human Relations Act
### - Actual and Perceived Handicap Discrimination –

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff suffered from the effects of a stroke.

50. Defendant was aware of Plaintiff's health conditions as to her speech and ability to walk.

51. Plaintiff provided medical documentation related to her health conditions to Defendant.

52. Plaintiff was subjected to discrimination when she was unlawfully denied the benefits and privileges of employment; and subjected to different terms and conditions of employment because of her known health conditions and/or because Defendant perceived Plaintiff as being unable to perform her job due to her perceived health conditions.

53. Plaintiff was terminated because of her known health conditions and/or because Defendant perceived Plaintiff as being unable to perform his job due to her perceived health conditions.

54. These actions as aforesaid constitute violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Back pay and front pay, including benefits with pre-judgment interest;

B. Compensatory damages, consequential damages and punitive damages;

C. Non-pecuniary damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

D. Attorney's fees and costs; and

E. Any other equitable and legal relief as the Court deems just, proper, and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**McCain Law, PC**
By: */s/ J. Edward McCain*
J.Edward McCain III, Esquire

By: */s/ Zakia E. Moore*
Zakia E. Moore, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-236-1086

Date: January 3, 2025